UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHNNY RAY CHANDLER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0664 (PLF) |
| | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER

For the reasons set forth in the accompanying Opinion issued this same day, it is hereby

ORDERED that the plaintiff's motion for summary judgment [Dkt. No. 132] is GRANTED IN PART and DENIED IN PART. The Court denies judgment to the plaintiff on his Administrative Procedure Act claim, and grants judgment to the plaintiff on his procedural due process claim; it is

FURTHER ORDERED that prior to any imposition by defendant United States Parole Commission of a Special Sex Offender Aftercare Condition upon the plaintiff's parole, or any similar condition or conditions including assignment to the Sex Offender Unit of the Court Services and Offender Supervision Agency for the District of Columbia and assignment to sex offender treatment, the defendants must provide the plaintiff with the following procedural protections:

   (1) written notice that sex offender classification and conditions are being considered;

(2) a hearing, held sufficiently after the notice to permit him to prepare, at which disclosure is made of the evidence being relied upon for the classification and sex offender conditions;

(3) an opportunity at the hearing to be heard in person, to present documentary evidence, to present testimony of witnesses, and to confront and cross-examine witnesses called by the government, except upon a finding, not arbitrarily made, of good cause for not permitting such presentation, confrontation, or cross-examination;

(4) administration of the hearing by an independent decision-maker;

(5) a written statement by the independent decision-maker as to the evidence relied on and the reasons for classifying him as a sex offender and imposing sex offender conditions; and

(6) effective and timely notice of all the foregoing rights;

it is

FURTHER ORDERED that the defendants' motion for an extension of time [Dkt. No. 152] to supplement the record is DENIED AS MOOT; and it is

FURTHER ORDERED that the plaintiff's motion to strike and for sanctions [Dkt. No. 159] is DENIED AS MOOT.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 8, 2014

2